***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-13-0002064
21-APR-2017
07:57 AM

SCWC-13-0002064

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

JOHN HASIRCOGLU AND MARIA HASIRCOGLU,
Petitioners/Plaintiffs-Appellants,

vs.

FOPCO, INC., Respondent/Defendant-Appellee.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0002064; CIV. NO. 11-1-0111(1))

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ., with
Nakayama, J., dissenting, with whom Recktenwald, C.J., joins)

Petitioners/Plaintiffs-Appellants John Hasircoglu

("Hasircoglu") and Maria Hasircoglu seek review of the

Intermediate Court of Appeals' ("ICA") July 26, 2016 Judgment on

Appeal, entered pursuant to its June 30, 2016 Memorandum

Opinion.

This case arises out of a February 26, 2009 accident at a

tunnel construction project on Molokai.  Hasircoglu was an

employee of T&M Construction Services, Inc. ("T&M"),

subcontractor to the general contractor, Respondent/Defendant-

Appellee FOPCO, Inc. ("FOPCO").  Hasircoglu was riding on a

trailer being pulled by another vehicle driven by Donald Clark

("Clark") when a large spool holding cables weighing 2,500 pounds fell off its spool holder, hitting Hasircoglu's head, neck, and back.

FOPCO was the general contractor on the project through an August 27, 2008 Prime Contract with a department of the State of Hawai'i. On that date, along with the signed contract, a representative for the State of Hawai'i sent a letter to FOPCO, asking it to submit the "[n]ame of superintendent or qualified representative on the job site" as required by contract specifications.

In response, on its letterhead, FOPCO identified the following three people as the "PROJECT SUPERINTENDENT AND KEY PERSONNEL": Dennis McElrath, as the "Project Manager," Clark as "Project Superintendent," and Michael Estes as "QA/QC Health and Safety Manager." McElrath was the President of FOPCO; Estes was the President of and was employed by T&M. Clark was also a T&M employee. Neither Estes nor Clark were employees of FOPCO. The subcontract between FOPCO and T&M was executed by McElrath for FOPCO and Estes for T&M. The October 8, 2008 subcontract called for T&M to undertake "complete performance" of the work FOPCO was to provide under the Prime Contract, and refers back to FOPCO's Prime Contract and its supplemental documents.

The Circuit Court of the Second Circuit ("circuit court")[1] granted summary judgment in favor of FOPCO on all claims. The ICA affirmed on the grounds that Estes and Clark were not agents of FOPCO and that FOPCO could therefore not be held vicariously liable for their alleged negligence. Hasircoglu v. FOPCO, Inc., CAAP-13-0002064 (App. June 30, 2016) (mem.) We conclude that the circuit court and ICA erred under standards applicable to summary judgment motions.

FOPCO's response to the State of Hawai'i identifying Clark and Estes as "project superintendent and key personnel" raises a genuine issue of material fact as to whether there was an agency relationship between FOPCO and Estes and/or Clark based on actual express or implied authority. See Cho Mark Oriental Food, Ltd. v. K&K Intern., 73 Haw. 509, 515-16, 836 P.2d 1057, 1061-62 (1992). Although Clark and Estes were employed by T&M, pursuant to Section 226 of the Restatement (Second) of Agency (1958), "A person may be the servant of two masters, not joint employers, at one time as to one act, if the service to one does not involve abandonment of the service to the other." Accordingly, based on the instant record showing a lack of a genuine issue of material fact, summary judgment was proper as to plaintiffs' product liability claims in Counts III, IV, and V; it was error to grant summary judgment in favor of FOPCO on the negligence

---

[1] The Honorable Rhonda I.L. Loo presided.

3

claims in Counts I and II of the February 22, 2011 complaint as well as on Maria Hasircoglu's emotional distress and consortium claims in Count VII. As there was no genuine issue of material fact, summary judgment was proper on the claim for punitive damages in Count VIII.  Therefore,

IT IS HEREBY ORDERED that the ICA's July 26, 2016 Judgment on Appeal, filed pursuant to its June 30, 2016 Memorandum Opinion, is vacated in part as to Counts I, II, and VII of the complaint, and otherwise affirmed, and the case is remanded to the circuit court for further proceedings consistent with this summary disposition order.

DATED:    Honolulu, Hawaiʻi, April 21, 2017.

Charles H. Brower            /s/ Sabrina S. McKenna
and Michael P. Healy
for petitioners              /s/ Richard W. Pollack

Jeffrey A. Griswold          /s/ Michael D. Wilson
for respondent

